UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RONALD K. MILES,

                                         Plaintiff,

                                                                                   1:07-CV-0741
v.                                                                            (GLS)(DRH)

SUSAN VALLE; SEAN BYRNE; SOL GREENBURGH;
LAWRENCE WIEST; and MR. PALLIDINO,

                                          Defendants.

APPEARANCES:

RONALD K. MILES
93-A-0898
Plaintiff, *pro se*

GARY L. SHARPE
U.S. District Judge

## DECISION and ORDER

The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis*, submitted for filing by Plaintiff Ronald K. Miles, who is currently incarcerated at Clinton Correctional Facility.[1]  For the reasons stated below, Miles' complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.  Background**

In his *pro se* complaint, Miles alleges that during his criminal trial, defendants Greenburgh, Wiest, and Pallidino violated Miles' constitutional rights by withholding exculpatory evidence, failing to call a potentially exculpatory witness, and allowing false evidence to be used at trial.  Dkt. No. 1 at 8-10.  Miles also alleges that defendants Valle and Byrne failed to properly train the prosecutorial defendants.  *Id.* at 8.  Plaintiff seeks

---

[1] Plaintiff has one other action pending in this District.  *See Miles v. Goord, et al.*, No. 9:07-CV-547 (DNH)(GHL).

monetary damages.  *Id.* at 9-10.

## II.     Discussion

Turning to Miles' *in forma pauperis* application, the Court finds that Miles is eligible to commence this action *in forma pauperis* because he sets forth sufficient economic need. Dkt. No. 2.

The Court must now consider whether the case should be dismissed pursuant to 28 U.S.C. § 1915(e).  Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2) [S]hall dismiss the case at any time if the court determines that -
> \*\*\*
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, even if a plaintiff meets the financial criteria to **commence** an action *in forma pauperis*, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit the plaintiff to **proceed** with his or her action *in forma pauperis*.  *Id.*

Plaintiff brought this action under 42 U.S.C. § 1983 ("Section 1983").  Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at \*2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (Section 1983 "is the vehicle by which individuals may seek redress for alleged

violations of their constitutional rights.").

### A.     Monetary damages

In as much as Miles is seeking money damages against defendants Greenburgh, Wiest, and Pallidino arising out of his conviction, his claim is barred because he has failed to show that his conviction has been overturned.  *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994).  In *Heck*, the Supreme Court held that a claim for damages relating to a conviction or sentence that has not been invalidated is not cognizable under § 1983.  *See id.* at 486-87 (explaining that to recover damages for "an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254"); *see also Channer v. Mitchell*, 43 F.3d 786, 788 (2d Cir. 1994) (affirming a *Heck*-based dismissal of § 1983 claims in which the plaintiff claimed he was unconstitutionally convicted as a result of police officers' perjury and coercion of witnesses because he had failed to establish that his conviction had been reversed); *Cameron v. Fogerty*, 806 F.2d 380, 386-89 (2d Cir. 1986) (dismissing § 1983 suit against police officers for unlawful arrest because conviction gave officers complete defense); *Duamutef v. Morris*, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation and civil rights conspiracy under *Heck* where the plaintiff's underlying conviction was valid).

Plaintiff's claim for money damages against the defendants Greenburgh, Wiest, and

Pallidino would implicate the validity of plaintiff's conviction.  Since plaintiff has not demonstrated that his conviction or sentence has in any way been invalidated, his claim for monetary damage is barred by *Heck v. Humphrey*.[2]

### B. Defendant Greenburgh and Wiest

"[P]rosecutors are absolutely immune from liability under § 1983" in matters involving the prosecution – or failure to prosecute – individuals.  *See Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence); *Schloss v. Bouse*, 876 F.2d 287, 290 (2d Cir. 1995) (prosecutor protected by absolute immunity in suit challenging failure to prosecute).  Because Miles' claims against District Attorney Greenburgh and Assistant District Attorney Wiest are related to their prosecution of Miles on criminal charges, Miles has failed to state a claim against Greenburgh and Wiest.

### C. Valle and Byrne

Miles claims that defendants Valle and Byrne, as members of the New York State Prosecutors Training Institute, failed to see that "the [prosecutorial] defendants were properly trained." Dkt. No. 1 at 8.  Plaintiff was arrested in 1992, *see id.* at 3, and convicted in 1993, *see People v. Miles*, 203 A.D.2d 620 (3rd Dept. 1994).  Miles claims against the defendants Valle and Byrne thus relate to conduct which purportedly occurred, at the latest, in 1993.  Miles filed this action in 2007.  Dkt. No. 1 at 10.  Since the applicable statute of limitations for Section 1983 actions arising in New York requires that a plaintiff bring his

---

[2] Plaintiff alleged similar claims against Greenburgh and Wiest in a prior lawsuit filed in this Court, which claims were also dismissed.  *See Miles v. Greenburg*, 6: 96-CV-377.

claims within three years, *see Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995), Miles claims against these defendants that arose on or before 1993 are time-barred.

**III.    Conclusion**

For all of the above-stated reasons, Miles' complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and/or for failure to state a claim upon which relief may be granted.[3]

WHEREFORE, it is hereby

ORDERED, that this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons set forth above, and it is further

ORDERED, that Plaintiff's application for leave to proceed *in forma pauperis* is DENIED as moot; and it is further

ORDERED, that the Clerk serve a copy of this Order on Miles.


August 13, 2007
Albany, New York

*United States District Court Judge*

---

[3] Although "the usual practice is to allow leave to replead a deficient complaint, *see* Fed. R. Civ. P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.")." *Price v. Hasly*, No. 04-CV-0090S, 2004 WL 1305744, at *2 (W.D.N.Y. June 8, 2004).