UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RONALD K. MILES,

         Plaintiff,

 -v.-             9: 07-CV-0741
                (GLS)(DRH)

SUSAN VALLE; SEAN BYRNE; SOL
GREENBURGH; LAWRENCE WIEST;
and MR. PALLIDINO,

         Defendants.

APPEARANCES:

RONALD K. MILES
93-A-0898
Plaintiff, *pro se*

GARY L. SHARPE
United States District Judge

## DECISION and ORDER

Plaintiff Ronald K. Miles commenced this action by filing a *pro se* complaint, together with an application to proceed *in forma pauperis.* Dkt. Nos. 1, 2. By Decision and Order filed August 14, 2007 ("August Order"), Miles' action was dismissed.[1] Dkt. No. 3. Presently before the Court is a motion for reconsideration of the August Order. Dkt. No. 11.

---

[1] Miles' complaint was dismissed because it failed to state a claim upon which relief can be granted because his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); the defendant prosecutors were entitled to absolute immunity; and the claims against defendants Valle and Byrne were barred by the applicable statute of limitations. *See* Dkt. No. 6.

As a preliminary matter, the Court notes that Miles submitted his motion for reconsideration of this Court's August Order to the attention of U.S. District Judge Lawrence E. Kahn.  Dkt. No. 11 at 1.  Miles is advised that a motion for reconsideration is considered by the same judge that issued the order under reconsideration.  *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citation omitted) ("A court may ... reconsider **its** previous ruling....") (emphasis supplied). Moreover, Judge Kahn has not been assigned to this action.

In support of his motion for reconsideration, Miles asserts that (1) the prosecutorial defendants are not entitled to immunity once they are no longer prosecutors and (2) his claims against Valle and Byrne are not time-barred because he didn't discover until March 2007 that "the prosecutors hired the prosecutors training institute to act as a watchdog agency over the D.A.'s." Dkt. No. 11 at 2-3.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.  *Delaney*, 899 F.Supp. at 925 (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted).

Miles has not indicated upon which justification he bases his motion for reconsideration. Since Miles does not suggest either that there has been an intervening change in the controlling law or that he has discovered new evidence, the Court assumes that Miles seeks to argue that reconsideration is necessary to remedy a clear error or law or to prevent manifest injustice. Based upon the Court's review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice on Miles. Accordingly, the Court denies Miles' motion for reconsideration.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's motion for reconsideration (Dkt. No. 11) of the August Order is **DENIED**, and it is further

ORDERED, that the Clerk serve a copy of this Order on Miles in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:   November 7, 2007

*Gary L. Sharpe*
U.S. District Judge